**HUNT v. JOSKE BROS. CO.   (No. 7842.)**

Court of Civil Appeals of Texas. San Antonio. Nov. 9, 1927.

Rehearing Overruled Dec. 14, 1927.

**1. Corporations ⬿498—Where store salesman striking customer was not official of defendant corporation nor in authority, court properly refused to submit issue of exemplary damages.**

Where department store salesman striking plaintiff, a customer, was neither an officer nor director of defendant corporation nor otherwise in authority, and officials of corporation offered plaintiff every attention and courtesy after knowledge of occurrence, court properly refused to submit issue of exemplary damages.

**2. Appeal and error ⬿215(1)—Where no objection to charge was made when given, objection must be held to have been waived.**

Where plaintiff in brief complained of charge, but no objection was made at time charge was given, objection must be *held* to have been waived.

**3. Appeal and error ⬿1062(1)—Submitting issue whether defendant's salesman acted in self-defense in striking plaintiff, if error, held harmless where jury answered in negative.**

In action for damages caused by defendant's department store salesman's striking plaintiff, submitting issue whether or not salesman acted in self-defense in striking plaintiff, if error because neither pleaded nor proved by defendant, *held* harmless where jury answered question in negative.

**4. Trial ⬿139(1), 140(1)—Jury were sole judges of credibility of witnesses and of weight to be given testimony.**

Jury were sole judges of credibility of witnesses and of weight to be given their testimony and could believe all, any part, or none of plaintiff's testimony.

---

⬿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Damages ☞131(6)—$62.50 for defendant's salesman's striking woman, splitting lip and knocking tooth out, held not inadequate.**

Verdict of $62.50 for defendant's department store salesman's striking woman customer, splitting her lip and knocking tooth out, *held* not inadequate.

Error from District Court, Bexar County; W. S. Anderson, Judge.

Action by Alice Hunt against the Joske Bros. Company. Judgment for plaintiff for part of damages asked, and plaintiff brings error. Affirmed.

Conger & Conger, of San Antonio, for plaintiff in error.

Allen Hitzfeld and Terrell, Davis, Huff & McMillan, all of San Antonio, for defendant in error.

SMITH, J. Alice Hunt was plaintiff below, and will be so designated here. Joske Bros. Company, a corporation operating a department store in the city of San Antonio, will be designated as defendant, as it was below.

According to the testimony of plaintiff, she and another negro woman entered the ladies' shoe department of defendant's store, for the purpose of looking at some shoes like those noticed by them in a window at the front of the store. Plaintiff began examining and handling shoes on special sale, which were placed on display upon a certain table. There is a controversy as to the language and manner employed by them, but it is agreed that the salesman who sought to wait on her soon suggested to plaintiff that none of the shoes on that table were large enough to fit her, and that plaintiff resented the suggestion. The preponderance of the testimony, evidently believed by the jury, is that plaintiff felt and loudly asserted that she had been insulted. She lectured the salesman on store manners, told him he had no business waiting on ladies, and that she was tempted to go up stairs, "report him to the boss, and have him fired"; that she was just as good as any white woman; and that her "money was just as good as any white lady's that comes in that department." She was talking loudly, and other customers in the department, including a number of ladies, became alarmed, and some of them hastily left while others were in confusion. This salesman, Bennie Kauffman, sought to mollify her, but failing to do so walked away from her. Another salesman, a young Alabamian, named Hamil, hearing the conversation, and realizing that the commotion was getting out of bounds, stepped aside from his task of waiting upon another customer, approached plaintiff, and tried his hand at quelling the unseemly' disturbance caused by her. She turned upon Hamil, and began talking to him as she had to Kauffman before him. He reasoned with her, tried to get her to take her seat and be waited upon in turn as other customers, but she refused and continued her tirade, getting more obstreperous and threatening, until Hamil struck her in the face, knocking her across the room and to the floor. Hamil immediately left the store, quit the shoe business, and entered another occupation, in which he is still engaged. The blow split plaintiff's lip and, she contends, knocked a tooth out, and with the fall resulted in injuries from which she claims she has never recovered. She brought this suit against defendant to recover $10,000 exemplary damages and actual damages for $1,100, consisting of loss of time and salary, expenses, and doctor's bills. The case was submitted to a jury, who returned a verdict in her favor for $22.50 for loss of time and salary, $30 for doctor's bill, and $10 medical bill, a total of $62.50. The court refused to submit the issue of exemplary damages.

[1] Plaintiff first complains of the refusal of the court to submit the issue of exemplary damages. There was no error in this action of the court. It is uncontroverted that the offending salesman was neither an officer nor director of defendant corporation nor otherwise in authority; he was simply a salaried salesman. No officer or director or other person in authority for defendant' had any knowledge of the transaction until after its occurrence, and, instead of approving or ratifying the acts of the salesman, either discharged him, or accepted his resignation, instantly after the incident occurred. As those in authority heard of the commotion they hurriedly attended her; a salesman escorted her to a washroom and washed the blood from her face; a manager called a service car for the purpose of delivering her at her home, but she refused this courtesy because the person driving the car was a "white man, and he might do her as bad as the salesman"; to save herself from which danger she obtained a service car operated by a negro, who took her to her home. She was offered every attention and courtesy by defendant's officials and agents, and not a word was said or act done in ratification of the salesman's conduct. Under these undisputed facts, the court properly refused to submit the issue of exemplary damages. Plaintiff's first and second propositions will be overruled.

[2] The trial court instructed the jury that in mitigation of damages they should consider any provocation calculated to "heat the blood or arouse the passion" of a reasonable man, if offered at the time of the assault. Plaintiff in her brief complains of this charge, but as no objection was made at the time the charge was given the objection must be held to have been waived. The third proposition, embracing this complaint, will be overruled.

[3] The court submitted to the jury the issue of whether or not Hamil acted in self-

---

defense in striking plaintiff. Plaintiff complains of the submission of this issue, upon the contention that it was neither pleaded nor proved by defendant. If its submission constituted error, which we do not decide, the error could not possibly have injured plaintiff, for the jury answered the question in the negative. The fourth and fifth propositions will be overruled.

[4, 5] In her sixth and last proposition plaintiff complains of the inadequacy of the damages found by the jury in her behalf. We overrule this proposition. The jury were the sole judges of the credibility of the witnesses and of the weight to be given their testimony. They could believe all, any part, or none of plaintiff's testimony, and it is apparent that they believed but little of it. We cannot substitute our judgment for theirs, and are not disposed to do so. We conclude that the jury were justified in their findings, upon the testimony adduced.

The judgment is affirmed.