**STURTEVANT et al. v. PAGEL et ux.**

No. 10092.

Court of Civil Appeals of Texas. San Antonio.

Aug. 18, 1937.

Rehearing Denied Nov. 3, 1937.

Russell & Beaucaire and Max H. Wier, all of San Antonio, for appellants.

Marshall O. Bell and Carter & Lewis, all of San Antonio, for appellee.

MURRAY, Justice.

On the night of August 16, 1935, between the hours of 12 and 1 o'clock a. m., Selma Pagel was injured in an automobile collision at the corner of Hildebrand and McCollough avenues in the city of San Antonio. The car in which Selma Pagel was riding was being driven by Clifford Wade, and the other car was being driven by A. A. Snyder, Jr. This car belonged to C. G. Sturtevant, Sr. The automobile had been taken out on the night in question by C. G. Sturtevant, Jr., a minor. We will hereafter refer to Charles G. Sturtevant, Sr., as Senior, and Charles G. Sturtevant, Jr., as Junior.

Selma Pagel died as a result of the injuries which she received in the accident, and her father and mother, E. H. Pagel and Matilda Pagel, instituted this suit against Senior, Junior, and A. A. Snyder, Jr., seeking to recover for damages suffered by them as a result of their daughter's death. The case was tried to a jury, who found in answer to the special issues propounded to them as follows: That Senior permitted his son, Junior, to use the car on the occasion in question; that the automobile belonging to Senior was being operated on the occasion in question without adequate brakes in good working order; that Senior was negligent in permitting his son, Junior, on the occasion in question, to use the automobile without adequate brakes in good working order; that such negligence was a proximate cause of the death of Selma Pagel; that Senior entrusted to his son, Junior, the matter of attending to the servicing and making adjustments on said automobile as his agent; that Junior failed to use ordinary care in having the brakes on the car serviced and adjusted; that his negligence was a proximate cause of the death of Selma Pagel; that the speed at which A. A. Snyder, Jr., was operating the car on the occasion in question was a proximate cause of the death of Selma Pagel; that the failure of Junior to warn Snyder to operate the car at a lower rate of speed was negligence, and that his negligence was a proximate cause of the collision in question and the death of Selma Pagel; that upon the occasion in question Junior did not take his father's automobile in violation of his father's instructions. All issues with reference to contributory negligence and sole proximate cause were answered favorably to plaintiff. The jury further found that the sum of $5,000 would be a reasonable compensation to plaintiffs for the pecuniary loss sustained by them as the direct result of the death of their daughter, Selma Pagel. Accordingly judgment was rendered by the trial court in favor of plaintiffs below, and from this judgment C. G. Sturtevant, Sr., individually and as guardian ad litem for C. G. Sturtevant, Jr., has prosecuted this appeal.

There is a great deal of discussion in appellants' brief as to the so-called family purpose doctrine, which it is now definitely held does not apply in Texas. See Bluth v. Neeson, 127 Tex. 462, 94 S.W.(2d) 407; Trice v. Bridgewater, 125 Tex. 75, 81 S.W.(2d) 63, 100 A.L.R. 1014; Fernandez v. Lewis (Tex.Civ.App.) 92 S.W.(2d) 305 (writ dismissed). Appellees have stated that no recovery is sought in this case upon the family purpose doctrine, and hence it becomes unnecessary to discuss any propositions in reference to such doctrine. The theory upon which appellees seek to support the judgment herein is that the brakes on the Sturtevant car were not adequate to stop the car and control its speed; that this fact was known, or should have been known, to Sturtevant, Sr.; that Senior permitted Junior to use the car on the night of the accident, and that under such circumstances he was guilty of negligence; that the inadequate brakes on the car were a proximate cause of the death of Selma Pagel, and that, while Snyder was actually driving the car at the time of the collision, Junior was riding in the car, and thereby using it, and that the fact that Junior was not seated at the wheel at the time of the collision is unimportant under the circumstances.

We are of the opinion that, if the owner of the car knows, or should know by the use of ordinary diligence, that the brakes on his car are in bad working order, and are inadequate to stop and control the speed of the car, and he permits another to use such car upon the public highways and streets, he would be liable for all damages resulting from the use of such car due to the inadequacy of the brakes. 42 Corpus Juris 897; 5 Tex.Jurisprudence, pp. 755–758; Texas Company v. Veloz (Tex.Civ.App.) 162 S.W. 377; Co-operative Furniture Company v. South-

558

ern Surety Company (Tex.Civ.App.) 264 S.W. 201; article 799, Penal Code 1925, and article 827a, § 9, Vernon's Ann.P.C.; Tannahill v. Gas Company, 110 Kan. 254, 203 P. 909; Rocha v. Garcia, 203 Cal. 167, 263 P. 238; Foster v. Farra, 117 Or. 286, 243 P. 778; Hinsch v. Amirkanian, 145 A. 232, 7 N.J.Misc. 274; Donovan v. Garvas, 121 Misc. 24, 200 N.Y.S. 253.

■ Appellants contend that there is no evidence that Junior was using the automobile on the night of the accident with the consent or permission of Senior. Appellants in their statement set forth evidence showing that Sturtevant, Sr., his wife, and Junior all testified that Junior was using the automobile on the night in question not only without the consent and permission of his parents but in willful disobedience of Senior's instructions to him to stay at home that night and rest. However, appellees point out in their brief that there was other testimony of a circumstantial nature contradicting this testimony.

The evidence shows that the automobile was purchased because it was the type of a car that Junior liked; that it was kept and maintained for the use of all members of the family, including Junior. It was shown that Junior constantly used the automobile. He used it in his work and on an average of four times a week in the evenings. All of this was with Senior's consent. In answer to a question as to whether or not Junior had general permission to use the automobile Senior replied: "yes, I told him I wanted to know where that car was every evening, and as long as I knew where it was, I had no objection to his using it, but I always wanted to know where that car was." Mrs. Sturtevant was asked the question, "He went off a great many times when his father didn't know where he was going, didn't he?" to which she answered "Yes, sir." Again, while Mrs. Sturtevant was being questioned about Junior's use of the car on the occasion in question, she was asked "in other words, this was nothing out of the ordinary, was it, Mrs. Sturtevant, at all?" to which she answered "No, sir; I guess not; I don't know."

Junior's testimony was in part as follows:

"Q. And when you got dressed you came down and got in the car? A. Yes.

"Q. You had the keys, didn't you? A. Yes, sir; I believe I did.

"Q. They were in your pocket? A. Yes, sir.

"Q. And you went out and drove off? A. Yes, sir.

"Q. Time after time, on an average of four nights a week, you used that car for these same kind of pleasure trips, didn't you, riding around with boy friends and going different places? A. Yes, sir.

"Q. He had repeatedly given you permission to use it that way? A. Yes, sir.

"Q. You were using it on that night the same way you used it many nights before? A. Yes, sir."

Senior did not testify that he denied Junior the use of the car on the night in question, but only that he told him to stay at home that night and get some rest.

In the face of the testimony above set forth, as well as other testimony in the record, we are unable to say that there is no testimony in the record that Junior was using the automobile on the night in question with the permission of Senior.

■ Appellants also contend that there is no evidence in the record that the brakes on the car were bad, except that of the driver, Snyder, to the effect that at the time of the collision he applied the brakes and they failed to work. We cannot agree with this contention. There is evidence that the brakes on the car had been bad for some time prior to the collision. Junior had stated that they needed relining. There was at least some evidence that Senior knew, or should have known by the use of reasonable diligence, that the brakes on the car were in a bad working order at the time Junior took the car out for use on the night of the collision. We overrule the contention that there was no evidence that Senior knew, or should have known, the defective condition of the brakes.

We have examined the other contentions made by Senior and, finding them without merit, they are overruled.

■ We have concluded, however, that the judgment against Junior must be reversed. Junior cannot be held liable on the theory that A. A. Snyder, Jr., who was driving at the time of the accident, was the agent of Junior, because a minor cannot be held on the doctrine of agency, as agency can only be created by contract,

and a minor is ordinarily not bound by his contract. Fernandez v. Lewis (Tex. Civ.App.) 92 S.W.(2d) 305.

 The jury found in answer to special issue No. 9, that Junior was negligent in failing to warn Snyder to operate the car at a lower rate of speed. However, the evidence shows that Junior was asleep on the back seat, and never awoke until after Snyder had discovered the approach of the car, and had begun to use the means at hand to avoid the collision, and under such facts Junior could not be guilty of negligence in failing to warn Snyder. Furthermore, his failure to give such warning could not have been a proximate cause of the collision.

Accordingly, the judgment, in so far as it decrees a recovery against A. A. Snyder, Jr. (who prosecuted no appeal), and Charles G. Sturtevant, Sr., will be affirmed, but the judgment, in so far as it permitted a recovery against Charles G. Sturtevant, Jr., will be reversed, and remanded.

Our opinion delivered August 18, 1937, will be withdrawn, the judgment based thereon set aside, and judgment entered in accordance with this opinion.

Affirmed in part, reversed and remanded in part.