Charles R. **HOUGH**, Appellant,

v.

Mary D. **McMILLAN**, Appellee.

No. 3908.

Court of Civil Appeals of Texas.

Waco.

Nov. 9, 1961.

Rehearing Denied Nov. 30, 1961.

King, Sharfstein & Rienstra, Beaumont, for appellant.

Stephenson & Stephenson, Orange, for appellee.

WILSON, Justice.

Mrs. McMillan sued her son-in-law, Hough, and another for damages arising out of an automobile collision, alleging she was a "passenger" in his car which collided at an intersection with a vehicle driven by the other defendant. Judgment was rendered in favor of this codefendant on a jury verdict, and in favor of Mrs. McMillan against her son-in-law, who appeals.

Hough's sole contentions are that Mrs. McMillan was a guest, under Art. 6701b, Vernon's Ann.Civ.Stat.; and that as a matter of law they were not engaged in a joint enterprise. The jury found against him on both these issues, having found only ordinary negligence on his part, as driver.

Hough, his wife (Mrs. McMillan's daughter) and their child frequently traveled to Mrs. McMillan's house for weekend visits, as they did on this occasion, spending the night in her home. The present visit, however, was unexpected. It was customary on these visits for Mrs. McMillan and her daughter to prepare meals, and for Hough to pay for groceries. On such previous occasions Mrs. McMillan had sent her younger daughter to the store for food, or an older son had carried her to the store. Early on the morning of the accident, Mrs. McMillan testified, a neighbor called on her to borrow bread, "I told her I didn't have any, and fact of the business I didn't have enough groceries to feed them all that morning." This conversation awakened Hough, who testified Mrs. McMillan looked in the ice box and "said maybe we'd better go to the grocery store, and I said, 'Well, fine, I'll take you'." Hough then gave her money to buy groceries. Mrs. McMillan testified, "He just got hungry, and he's the one that said 'Let's go get something for breakfast'." She enumerated the breakfast food items she had selected and intended to buy, including bread and coffee. She testified she had not planned the noon meal; "When I got to the store I guess I would have got more." She had no means of transportation; her younger daughter and others in the home were asleep. She said she had sufficient food for herself and younger child, but not enough for the Hough family. The neighbor, Mrs. McMillan and Hough drank coffee and talked until 8 A.M., when the three started to the store in Hough's car. On this trip the collision occurred. Mrs. McMillan had never driven an automobile, had no driver's license and knew nothing of driving a car. We believe this is a comprehensive summary of all the evidence on the issues presented.

To establish a joint enterprise it was necessary for Mrs. McMillan to prove concurrent existence of (a) a joint interest with Hough in the object and purpose of the trip, and (b) "an equal right, express or implied, to direct and control the conduct of each other in the operation of the conveyance", or the "joint right of control of the car's operation." Straffus v. Barclay, 147 Tex. 600, 219 S.W.2d 65, 68. There is nothing in this record to suggest that Hough had in any respect relinquished "his exclusive right to control the manner of driving his automobile" to his mother-in-law who had "no knowledge of driving". Since this element is completely lacking, no joint enterprise existed. Bonney v. San Antonio Transit Co., 160 Tex. 11, 325 S.W.2d 117, 119.

In determining whether Mrs. McMillan was a "guest without payment for such transportation" under Art. 6701b we have discovered only four decisions, after extended search, which may be considered factually analogous: In Gunderson v. Sopiwnik, 75 S.D. 402, 66 N.W.2d 510, 513, defendant with his wife and child visited his sister. Due to unexpected car expense he extended his visit in her home. Plaintiff contended he was driving in order to retain his sister's good graces to avoid motel and restaurant expense, and she was not a guest. The court said that to uphold the contention "would transcend reality", and "The record discloses nothing other than the typical brother visiting sister occasion"; and in reversing, held plaintiff was a guest as a matter of law.

In Hasbrook v. Wingate, 152 Ohio St. 50, 87 N.E.2d 87, 92, 10 A.L.R.2d 1342, plaintiff was defendant's mother-in-law. She left her car at home to be available to defendant's wife, plaintiff's daughter. The court held that the mother-in-law and son-in-law relationship was an important factor in determining whether plaintiff was a guest. That court said that by the weight of authority the evidential effect of relationship by blood or marriage raised "an affirmative

presumption which precludes the party who has rendered the services from recovering unless he can produce evidence of a specific agreement for compensation" or from which such agreement could be inferred. The court then suggested the evidence showed simply that defendant "transport the plaintiff primarily as an accommodation to his mother-in-law", even though she contributed a small sum to car expense; and held the court should have directed a verdict for defendant. We do not imply that a rule of this stringency should be applied in the present case.

In Ethier v. Audette, 307 Mass. 111, 29 N.E.2d 707, defendant drove plaintiff to a restaurant where plaintiff could buy food to be eaten by both of them at her home. The court in reversing a judgment for plaintiff, held there was no warrant for finding she was other than a guest.

In Shapiro v. Bookspan, 155 Cal.App.2d 353, 318 P.2d 123, 126, a daughter was driving her mother home after the mother had acted as the daughter's baby sitter, and after the daughter had taken the mother grocery shopping. The mother had helped her daughter prepare dinner, and contended that her services constituted compensation for the ride, and that the guest statute was inapplicable as a matter of law. Although the court stated all it was concerned with there was whether the non-guest status was established as a matter of law, it said, "The mother was acting as baby sitter for the daughter's child as a matter of convenience and accommodation" and a reasonable view of the situation was that the mother's services were gratuitous, "motivated by the love and affection she had for her daughter and the pleasure she derived from the child's company." The court said such family amenities are rendered without expectation of compensation, the test of guest status; and compensation "is something more than a mere exchange of favors, and this would

be especially true of favors exchanged between members of a family, when neither of the persons involved would entertain a thought of compensation."

In Rowan v. Allen, 134 Tex. 215, 134 S.W. 2d 1022, 1024, it was held, "The fact that the trip may have been for the mutual pleasure of the plaintiff and defendant, does not operate to change the status of the plaintiff from that of guest", and the court said it could find nothing in "a fine friendly relationship between two families, each glad to contribute to the happiness and welfare of the other" from which it could be suggested or inferred that the relationship was to be commercialized.

Henry v. Henson, Tex.Civ.App., 174 S.W. 2d 270, 274, 275, writ refused, applies the rules that benefits to the transporter must be "of a definite tangible nature", and there must be the element of material benefit to the defendant driver "where the elements of friendship and hospitality were not involved." The first quoted rule was approved in Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194, 198, where it was said benefits there relied on were "too uncertain, remote, and speculative to be definite and tangible."

The only definite, tangible benefit to Hough suggested or relied on by appellee here is that he would "get some groceries for breakfast". The trip and this benefit was little more than incidental to reciprocal hospitality furnished by a mother to her daughter, her son-in-law and grandchild. We think it could not be reasonably said she prepared meals for this family circle as "compensation" for being transported to a food store in order that she might carry out the ordinary amenities of hospitable sociable reception and entertainment of her visiting loved ones. In our opinion appellee was a guest under the statute, as a matter of law.

Reversed and rendered.