Jody Ray **ARRINGTON** et al., Appellants,

v.

Dr. Earle **PASCHALL**, Jr. et al., Appellees.

No. 15938.

Court of Civil Appeals of Texas.

Dallas.

Dec. 15, 1961.

Rehearing Denied Jan. 5, 1962.

Touchstone, Bernays & Johnston, Dallas, for appellants.

Woodruff, Hill & Bader, and Robert A. Fanning, Dallas, for appellees.

WILLIAMS, Justice.

Dr. Earle Paschall, Jr., sued Jody Ray Arrington, a minor, and his father, Raymond E. Arrington, for personal injuries sustained by Dr. Paschall and his wife as a result of a collision between the Paschall and Arrington automobiles on Christmas Day, 1959. General Insurance Company of America intervened for property damages.

A jury trial resulted in a verdict which exonerated Raymond E. Arrington of any negligence, but convicting Jody Ray Arrington of certain acts of negligence which proximately caused the collision. In answer to special issues Nos. 13 and 14, the jury found Dr. Paschall guilty of failing to keep a proper lookout which proximately caused the collision. Dr. Paschall, and the Insurance Carrier, filed their motion to disregard the jury's findings of improper lookout and proximate cause, and for judgment on the balance of the verdict. This motion was granted and judgment rendered for Dr. Paschall and the Insurance Carrier, from such judgment Jody Ray Arrington appeals, requesting this Court to reverse and render the judgment of the trial court. Dr. Paschall and the Insurance Carrier, by cross-points, also appeal requesting this Court to reverse and remand the cause for a new trial.

We consider first Arrington's appeal based upon the single point that there was sufficient evidence to justify the jury's finding of improper lookout, and proximate causation on the part of Dr. Paschall, and therefore the trial court was in error in disregarding these jury findings and in failing to render a judgment for the defendants below.

The collision occurred on U. S. Highway 80, near Dallas, at a time when the weather was clear and dry. The Highway is a divided four-lane roadway, with a wide parkway separating the east and west bound lanes. Appellee Paschall was driving his automobile in an easterly direction in the left-hand or inside lane of traffic, at about 55 miles per hour, and was in the process of passing a Ford automobile being driven by appellant Jody Ray Arrington, who was also traveling in an easterly direction in the right-hand or outside lane, at about 25 to 35 miles per hour. At this time the Ford automobile made a sudden left turn from the right-hand lane, as contended by appellees, or changed lanes gradually, preparatory to making a left turn across the parkway, as contended by ap-

pellants. The actual point of contact between the automobiles is disputed. Appellees contend that point of contact was off the pavement on the shoulder of the road, and appellants contend that the point of contact was in the left-hand lane of traffic. It is undisputed that Arrington did not see the Paschall automobile until after the collision; that he did not signal an intention to turn or change lanes, and that the windows on his automobile were rolled up.

Arrington testified that prior to the collision he was traveling in the right-hand lane, at approximately 25 to 35 miles per hour, looking for a "cross-over" where he could make a U-Turn. Plaintiffs' exhibit No. 2, a large photograph, reveals what was a traveled "cross-over" between the two highway segments, but which is now shown to have been blocked by concrete posts. At the time of the trial it was demonstrated that when the collision occurred this "cross-over" was not blocked by the concrete posts. Arrington further testified that he was about 6-car lengths, or about 96 feet from the "cross-over" when he started angling to change lanes and that the point of impact was not more than 4 feet to the left, or north of the center stripe. He frankly admitted that he did not look behind or give any signal of his intention to make the change from one lane to another prior to doing so. Arrington testified the initial point of impact was with the *right front* of the Paschall car which struck the left front door, fender, wheel and bumper of the Arrington car. Plaintiffs' exhibit Nos. 9 and 10, being large photographs of the Arrington car, tend to substantiate his testimony concerning the point of impact on his car. As opposed to Arrington's testimony, Paschall testified that as he was driving in the inside lane at about 55 miles per hour, he saw the Arrington automobile in the right-hand lane; that he was intending to pass the Arrington automobile, but admitted that he did not sound his horn before attempting to do so; that as he neared Arrington's automobile it *turned suddenly* to its left to make a U-Turn across the center

esplanade; that the Arrington automobile struck the right rear side of Paschall's car, which swerved to its left and collided with a row of posts in the center of the esplanade. Paschall said that appellant's left front fender hit his *right rear fender* and then scraped his car from *back to front.*

From this résumé of the evidence it is obvious that the evidence of Paschall and Arrington, both direct and circumstantial, as well as the evidence demonstrated by the photographs, create a conflict (1) as to the location of the collision relative to the "cross-over"; (2) the location of the collision with respect to the center lane or shoulder of the highway; (3) whether the Arrington car was making a sudden U-Turn just before the collision, or whether it was merely *changing lanes* preparatory to such U-Turn; and (4) the location on the cars of the first point of contact. Each of these matters would have a direct bearing on the question of lookout as submitted to the jury.

■ Of course, it is elementary, that perforce Rule 301, Texas Rules of Civil Procedure, the trial court is authorized to disregard the jury's answer to any special issue that has no support in the evidence. It is also elementary that, on appeal, a reviewing court must accept the evidence and all permissible inferences therefrom in a manner most favorable to the verdict, and must disregard all evidence and inferences contrary to the verdict. Cartwright v. Canode, (Sup.) 106 Tex. 502, 171 S.W. 696 and Burt v. Lochausen, (Sup.) 151 Tex. 289, 249 S.W.2d 194; Biggers v. Continental Bus System, Inc., (Sup.) 157 Tex. 351, 303 S.W.2d 359.

■ Ordinarily, proper lookout is a question for the jury. Texas & Pacific Ry. Co. v. Day, (Sup.) 145 Tex. 277, 197 S.W.2d 332.

Our Supreme Court in Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273, 275, clearly established the rule applicable in cases of this kind. There the Supreme Court said:

"In a case of this character, standards of ordinary care such as the direction and extent of the observation which Mrs Ricketts should have made at any particular time cannot be fixed with any degree of certainty but must be left in large measure to the trier of fact. It is well settled, moreover, that negligence and causation, like any other ultimate fact, may be established by circumstantial as well as direct evidence. * * * The jury is thus not only the judge of the facts and circumstances proven but may also draw reasonable inferences and deductions from the evidence adduced before it. Its findings may not be disregarded under the provisions of Rule 301, therefore, if the record discloses any evidence of probative value which, with inferences that may be properly drawn therefrom, will reasonably support the same."

See also Hughes, Inc. v. Moran, Tex. Civ.App., 325 S.W.2d 829; Southerland v. Porter, Tex.Civ.App., 336 S.W.2d 841; Bolstad v. Egleson, Tex.Civ.App., 326 S. W.2d 506; Dillard v. Griffin, Tex.Civ.App., 341 S.W.2d 696; Comer v. Phillips, Tex. Civ.App., 340 S.W.2d 103; Benoit v. Wilson, (Sup.) 150 Tex. 273, 239 S.W.2d 792; Dallas Ry. & Terminal Co. v. Bosher, Tex. Civ.App., 278 S.W.2d 357; Alexander v. Appell Drilling Co., Tex.Civ.App., 290 S. W.2d 377.

Applying these well-established principles of law to the facts in this record, we find that the testimony of the witnesses, the reasonable inferences to be drawn therefrom, the physical facts as demonstrated by the photographs, all are sufficient to not only justify the submission of the issues on "lookout" to the jury but is sufficient to justify the answer of the jury thereto. Paschall said that he was looking at the Arrington automobile as he attempted to pass it and that Arrington made a *sudden left turn* into his lane of traffic. Arrington said that he did not make a sudden turn but made an *angling turn*. The jury was certainly justified in drawing its own conclusions as to the conduct of both parties. The jury would have been justified in concluding that Paschall, in passing another vehicle, should have kept a better watch on Arrington's movements. The jury was justified in believing that Arrington made an angling turn, rather than a sudden turn, as contended by Paschall. The point of impact both on the highway and on the automobiles, was in conflict in the testimony. In the light of this record, the trial court erred in setting aside the jury's answer to special issues Nos. 13 and 14, and rendering judgment for appellees.

We next turn to a consideration of appellees' cross-points one through seven, wherein appellees seek to reverse and remand the trial court's judgment for a new trial. At the threshold of our consideration of these cross-points we are met with appellants' contention to the effect that appellees, having moved the court below to enter the judgment which was entered, are in a position of having waived any objections thereto.

We are unable to agree with appellants. The situation here is different from that demonstrated by the various authorities cited by appellants. Appellees filed their motion by virtue of Rule 301, T.R. C.P., asking the Court to set aside the findings of the jury to special issues, and render judgment based upon the remainder of the verdict. This is a far different situation from that in which the moving party requested the Court to enter judgment based upon an ordinary verdict of the jury. The Court in sustaining appellees' motion to disregard the jury findings, performed a judicial function. Having done so, nothing remained for the court to do other than the ministerial function of rendering judgment based upon the remainder of the verdict. We cannot believe a party who takes advantage of the provisions of Rule 301, T.R. C.P. may be said to be thereafter penalized by being deprived of his rights to complain

of the only judgment that could be rendered by the Court. Moreover, Rule 324, T.R.C.P. specifically authorizes cross-assignments of error in cases of this kind. Accordingly, appellants' objection to our consideration of appellees' cross-assignment is overruled.

By their first and second cross-points appellees contend that the evidence is insufficient, or contrary to the overwhelming weight and preponderance of the evidence, to support the submission or jury answer to special issues Nos. 13 and 14. These points, contrary to the "no evidence" point of appellants, requires us to apply the rule announced by our Supreme Court in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. That which we have already discussed concerning the status of the testimony in considering appellants' point is equally applicable here. In addition, we have carefully studied the entire record and have concluded that there was sufficient evidence to justify the submission of issues Nos. 13 and 14 and that the answer of the jury thereto is not so contrary to the great weight and preponderance of the evidence as to be manifestly wrong. Appellees' first and second cross-points are therefore overruled.

By their third, fourth, fifth and sixth cross-points appellees contend that the jury's answers to the damages sustained by Dr. Paschall and his wife are not supported by sufficient evidence, and therefore manifestly too small, or that they are contrary to the great weight and preponderance of the evidence, and therefore manifestly too small. Having carefully reviewed the entire record in connection with the damage issues complained of we are unable to agree with appellees. We do not deem it necessary to review all of the testimony, but content ourselves with the statement that, as in most cases of damages for personal injuries, the evidence is such as would justify the jury in rendering the findings complained of by appellees. The jury heard the testimony of both lay and medical witnesses, observed their demeanor and conduct on the witness stand, and having carefully weighed the testimony returned their finding to the court. It is elementary that the credibility of witnesses and the weight to be given their testimony are questions for the jury. This is especially true with respect to the testimony of parties or other persons interested in the litigation. Tex. Digest, Trial ⚮140(1) and 140(2), and cases there cited. Matters of future medical expense, future loss of earnings, and future pain and suffering, are necessarily speculative and it was peculiarly within the province of the jury to resolve these matters and to set the amount of such damages. Hunt v. Joske Bros. Co., Tex. Civ.App., 300 S.W. 201. Appellees' cross-points three through six, having been carefully considered, are overruled.

Appellees' seventh cross-point reads: "In the event the Court does not grant appellees a new trial for the reasons stated, then appellees would show that the answers of the jury were based upon misconduct and this cause should be remanded to the trial court so the trial court may then pass on a motion for new trial based upon jury misconduct." We must sustain this cross-point. Rule 324, T.R.C.P., as amended 1957; Hughes, Inc. v. Moran, Tex.Civ. App., 325 S.W.2d 829. The judgment is reversed and remanded to the trial court with instructions to render judgment for the defendants. After judgment is rendered the plaintiffs may file a motion for new trial based on jury misconduct, as requested in their seventh cross-point of error.

Reversed and remanded with instructions.