Samuel **FULLER**, Appellant,

v.

Mona Belle **FLANAGAN** et al., Appellees.

No. 17196.

Court of Civil Appeals of Texas,
Fort Worth.

April 30, 1971.

Rehearing Denied May 28, 1971.

**172**

———◆———

Earl Coleman, Denton, Touchstone, Bernays & Johnston, and Richard Bernays, Dallas, for appellant.

Sam Houston, Lewisville, Hopkins & Kelsey and Richard H. Kelsey, Denton, for appellees.

## OPINION

BREWSTER, Justice.

This was a suit for damages for personal injuries that were sustained in a wreck between a car and a pickup. The plaintiffs, Mona Belle Flanagan, George Woodrow Flanagan and Sharon Elizabeth Pannell (formerly Sharon Elizabeth Flanagan) were passengers in the car that was then being driven by Mike Flanagan. The pickup was owned and being operated at the time by Samuel Fuller, the defendant herein. The plaintiffs in the case are W. L. Flanagan and wife, Mona Belle, in their individual capacities, and as next friends of the minor, George Woodrow Flanagan, and Sharon Elizabeth Pannell, who was Sharon Elizabeth Flanagan at the time of the wreck. W. L. Flanagan is the only one of the plaintiffs that was not in the car when the collision occurred.

In a jury trial it was found that the minor, George Woodrow Flanagan was not injured, judgment was rendered against him, and he has not appealed.

The jury found the drivers of both vehicles to have been guilty of negligence that proximately caused the collision. The jury also found in answer to special issues that on the occasion in question Mike Flanagan and Mona Belle Flanagan were upon a joint enterprise and that Mike Flanagan and Sharon Flanagan were also upon a joint enterprise.

Following the return of the jury verdict defendant moved that the trial judge render judgment for him against all the plaintiffs and the plaintiffs Mona Belle Flanagan and Sharon E. Pannell moved that the court disregard the jury findings to the effect that each of them was at the time of the wreck on a joint enterprise with their driver, Mike Flanagan, and render judgment on the rest of the verdict for them.

The trial judge granted the plaintiffs' motion to disregard the jury's answers to the joint enterprise issues and rendered judgment for Mona Belle Flanagan for $9,000 and for Sharon E. Pannell for $1,000 and defendant has appealed.

If the judge had not disregarded the jury findings on the joint enterprise issues, he would have been required to render judgment against these plaintiffs because the driver's negligence would have been imputed to them.

We will refer to the parties as plaintiffs and defendant as they were designated in the trial court.

Defendant has four points of error. He contends that the trial court erred in disregarding the jury finding that Mike and Mona Belle Flanagan were on the occasion on a joint enterprise and that it also erred in disregarding the jury finding that Mike and Sharon E. Pannell were on such occasion on a joint enterprise. The other two points are related to these contentions.

The evidence that bears on the issue of joint enterprise between these parties came from W. L. Flanagan, his wife, Mona Belle, Sharon Flanagan Pannell and Mike Flanagan. This wreck occurred on August 22, 1967. The plaintiff, W. L. Flanagan, was the father of the driver of the car, Mike Flanagan, of the plaintiff Sharon Flanagan Pannell, and of the plaintiff, George Woodrow Flanagan.

At the time of this wreck Mike was 17 years of age, Sharon was 14 years of age, and George Woodrow lacked one day being 7 years of age. Mona Belle Flanagan was not the natural mother of these Flanagan children. She had married their father, W. L. Flanagan, on August 4, 1967, which was about 3 weeks before this wreck. These Flanagan children were still living at home on August 22, 1967. Mike was not a plaintiff in the case. He had a driver's license and had had it for about a year before August 22, 1967. At this time Sharon had a beginner's license which permitted her to drive as long as a person over 21 years old who had a driver's license was riding in the front seat with her. She had driven a car some but not a great deal prior to the time of the wreck. Sharon was single at the time of the wreck, going to school, and did not marry until July 3, 1969, which was about one year and 10 months after the wreck. Mona Belle Flanagan on August 22, 1967, was employed and it was her day off. The children, Mike and Sharon, had worked and saved some of their money and were in need of school clothes, since at that time the start of school was near. The following day, August 23, was to be the 7th birthday of George Woodrow Flanagan and no birthday present had yet been purchased for him. The members of the family were all talking and agreed that August 22, 1967, would be an excellent time to accomplish two missions at the same time by going from Frisco, where the family home was located, to Denton and there shopping for school clothes for Mike and Sharon and shopping for a birthday present for them all to give the 7 year old boy. The father and husband, W. L. Flanagan, did not go on this shopping trip with these other members of the family. He was working at the time. Mike, Sharon, George Woodrow and their stepmother, Mona Belle Flanagan, were all enroute from Frisco to Denton to accomplish this shopping mission when the wreck in question occurred. At the time of the wreck Mike was driving the car. Mrs. Mona Belle Flanagan, the stepmother, was then sitting next to Mike in the middle of the front seat and Sharon was at that time sitting on the right of the front seat next to Mrs. Flanagan. Mrs. Mona Belle Flanagan was on August 22, 1967, 51 years of age and did not have a driver's license. When she was about 17 years old she had driven a car but did not know how to drive one of the modern cars. On this trip she was not making any effort to tell Mike how to drive. She did not feel that she was in charge of the group. She considered it a family shopping trip that the participants were doing together. Mike's driving on the occasion was not causing her any concern. The automobile in which the Flanagans were making this trip was the property of an older Flanagan boy named Larry. It was the only car in this Flanagan family. Mr. Flanagan had agreed to buy this car from Larry, but no price had yet been agreed upon and Larry had not yet been paid anything on it. Larry and Mr. Flanagan had an agreement whereby the father could use this car and Mr. Flanagan had been using it as the family car for some time before this wreck. When the family discussion arose about making this trip, Mr. Flanagan was present and agreed with them that since Mike had a driver's license that he could drive the rest of the family on the trip. There was no evidence that Mona Bell at any time tried to tell Mike how to drive, but, at the scene, when it appeared that a wreck would occur, Sharon hollered "slow down" or "be careful" or words to that effect. She had previously had a course in driver's education. We have set out above all the evidence in the record relating to the joint enterprise issues.

■ The law is that the trial court had a right to disregard the jury's answers to the two joint enterprise issues only if no evidence of probative force had been offered during the trial on which the jury could have made its findings. Rule 301, Texas Rules of Civil Procedure; Arrington v. Paschall, 352 S.W.2d 866 (Dallas Civ.App., 1961, ref., n. r. e.).

In determining whether or not the trial court erred in disregarding the jury's answers to the two joint enterprise issues this appellate court must accept the evidence that was offered during the trial, and all permissible inferences therefrom in the light that is most favorable to the verdict, and must disregard all evidence and inferences therefrom that is contrary to the verdict. Biggers v. Continental Bus System, 154 Tex. 351, 303 S.W.2d 359 (1957); Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194 (1952); and Arrington v. Paschall, supra.

■ A joint enterprise between two or more occupants of a car exists where they have both (1) a joint interest in the object and purpose of the trip and also (2) an equal right, either express or implied, to direct and control the conduct of each other in the operation of the car. El Paso Electric Co. v. Leeper, 60 S.W.2d 187 (Tex.Com.App., 1933); Nelson v. Fulkerson, 155 Tex. 298, 286 S.W.2d 129 (1956); Straffus v. Barclay, 147 Tex. 600, 219 S.W.2d 65 (1949); and Satterfield v. United Auto Supply, Inc., 424 S.W.2d 40 (Fort Worth Civ.App., 1968, aff. in 448 S.W.2d 456.)

## THE FOLLOWING RELATES TO MONA BELLE FLANAGAN'S CASE

■ When we apply the above established principles of law to the testimony presented during the trial of this case, we are convinced that such testimony and all reasonable inferences to be drawn therefrom, made a fact issue for the jury's determination on the question presented by Issue No. 6 of the charge as to whether on the occasion in question the driver, Mike Flanagan, and his stepmother, Mona Belle Flanagan, were upon a joint enterprise. We hold that there was evidence of probative force to justify the submission of the issue to the jury and that it was sufficient to support the jury's finding that a joint enterprise did exist at the time of the wreck between those two parties. It follows that the trial court erred in disregarding the jury's answer to this Special Issue No. 6.

The evidence established as a matter of law that Mrs. Flanagan and Mike Flanagan had a joint interest in the object and purpose of the trip. It raised an issue of fact on the control element of joint enterprise. From the evidence the jury would have been justified in believing that W. L. Flanagan had a right to the possession and control of the car in question by virtue of his agreement with his son Larry; that upon the occasion in question he placed such car under the joint possession and control of his minor son, Mike, and of his wife, Mona Belle, who was the only adult in the group, for the purpose of making this family shopping trip. She stood in loco parentis to the three child occupants of the car.

The fact that up to the time of the collision she had made no effort to direct or control Mike's conduct in operating the car is a fact to be considered in passing on the question, but it is not controlling. The determining factor on this second element of joint enterprise is whether Mona Belle Flanagan had an equal right to control Mike in the operation of the car. McCormick v. Stowe Lumber Company, 356 S.W.2d 450 (Austin Tex.Civ.App., 1962, ref. n. r. e.). The facts that Mrs. Flanagan had no driver's license and did not know how to drive a car are not conclusive on the question of whether she had a legal right to control the driver in the operation of the car. They were to be considered with the rest of the evidence on that issue.

The jury could have reasonably concluded from the evidence that Mona Belle and Mike Flanagan were joint borrowers of the vehicle in question, and that by virtue thereof each had an equal right to direct and control its operation during the term of the loan. Most courts hold that where there is a joint borrowing there is a joint possession of the vehicle. The courts have

held in most of these joint borrowing cases that there is the equal right to control. See article by Dean Page Keeton, "Imputed Contributory Negligence," in 13 Tex. Law Rev. 161, starting at p. 166.

The El Paso Electric Co. v. Leeper case, supra, is a case wherein witnesses testified that the owner of the car loaned it to her daughter (the injured passenger) and to her escort, Lt. Nutter, who was driving the car at the time in question. In other words the car was loaned jointly to those two persons. The Commission of Appeals there held that this passenger and the driver, who had jointly borrowed the car, and who were en route to a dance at the time of their wreck, were on a joint enterprise as a matter of law. Under the circumstances of that case the court held that the passenger there had an equal right with the driver to direct and control the operation of the car in question, even though up to the time of the wreck the passenger had in no way made any effort whatever to direct or control the driver in his operation of the car.

The 6th point in the appellees' brief is a cross point wherein the plaintiffs contend that the trial court erred in giving its definition of joint enterprise because the one given was misleading, confusing, and did not adequately advise the jury of the law pertaining to joint enterprises.

Appellees' 7th point is also a cross point claiming error of the trial court in refusing to give the instruction on joint enterprise that they asked the court to give.

We overrule both of these cross points. The trial court defined joint enterprise as follows:

" 'Joint enterprise' means that in order to constitute occupants of an automobile joint adventures, there must be not only joint interest in the objects and purposes of the enterprise, but also an equal right, express or implied, to direct and control the conduct of each other in the operation of the vehicle."

This definition of joint enterprise as given by the trial court is substantially correct. Nelson v. Fulkerson, supra; Satterfield v. United Auto Supply, Inc., supra; Hough v. McMillan, 351 S.W.2d 609 (Waco Tex.Civ.App., 1961, ref., n. r. e.); and El Paso Electric Co. v. Leeper, supra.

The record does not reflect the requested instructions that plaintiffs asked the trial court to give on joint enterprise that are made the basis of their 7th point. This point was lost when the requested instruction did not get into the appellate record.

Since we have held that the trial court erred in disregarding the jury's answer to Issue No. 6 wherein the jury found that Mike Flanagan and the plaintiff, Mona Belle Flanagan were on a joint enterprise, it becomes our duty to reverse the part of the judgment in this case that awards W. L. and Mona Belle Flanagan a recovery of damages from the defendant, Fuller, and to render and enter a judgment herein that is in line with the jury verdict. DeWinne v. Allen, 154 Tex. 316, 277 S.W.2d 95 (1955), and El Paso Electric Co. v. Leeper, supra. Because Mona Belle Flanagan was found by the jury to have been on a joint enterprise with Mike Flanagan, the latter's negligence is imputed to her and prevents her from recovering from the defendant.

We therefore reverse that part of the trial court's judgment that awarded W. L. and Mona Belle Flanagan a recovery of damages from the defendant, Fuller, and we hereby render a judgment on that part of the case for the defendant, Fuller, and against the plaintiffs, W. L. and Mona Belle Flanagan, to the effect that those plaintiffs take nothing by their suit as against the defendant, Fuller.

### THE FOLLOWING RELATES TO SHARON F. PANNELL'S CASE

There are two reasons why the doctrine of joint enterprise does not defeat a recovery by the plaintiff, Sharon F. Pannell.

■ (First Reason) We conclude that no evidence of probative force was offered during the trial of this case upon which the jury could have based its finding that Sharon Flanagan Pannell was on a joint enterprise with the driver, Mike Flanagan.

These two people were children. Sharon was only 14 years old, was unmarried, was living at home, was a student and had not had a great amount of driving experience. She did have a beginner's driver license that entitled her to drive a car at times when a licensed driver over 21 years of age was in the front seat with her. No person in that category was making the trip to Denton. Neither the father nor anyone else involved expressly granted to her any right of control over the conduct of the driver in operating the car during the trip in question. So if she had an equal right with the driver to control the operation of the car, such right would have to arise by implication or inference from the facts that were proved.

We hold that it would be an unreasonable and an unwarranted inference from the testimony offered during this trial that this 14 year old child was impliedly given by the father or by the other occupants of the car an equal right with the 17 year old driver to direct and control the actions of the driver in operating the car during the trip in question.

■ (Second Reason) The negligence of the driver cannot be imputed to Sharon F. Pannell, who was an unemancipated 14 year old minor at the time of the wreck, on the theory that she and the driver were engaged in a joint enterprise.

■ The weight of authority in the United States follows the rule that although an infant is liable for torts that he directly commits, the negligence of the infant's alleged servant or agent cannot be imputed to the minor under the doctrine of respondeat superior. See 16 Tex.Law Rev. 586, and 103 A.L.R. 487.

All of the Texas cases that we have been able to find on this point are in line with the weight of authority. See Sturtevant v. Pagel, 109 S.W.2d 556 (San Antonio, Tex.Civ.App., 1937, aff. in 130 S.W.2d 1017); Fernandez v. Lewis, 92 S.W.2d 305 (El Paso, Tex.Civ.App., 1936, writ dism.); and Garrard v. Henderson, 209 S.W.2d 225 (Dallas, Tex.Civ.App., 1948, no writ hist.).

■ The "joint enterprise" doctrine is founded on principles of agency. See "Imputed Contributory Negligence" by Dean Page Keeton, 13 Tex.Law Rev. 161, Hines v. Welch, 229 S.W. 681 (Texarkana, Tex. Civ.App., 1921, no writ hist.) and 11 Tex.Law Rev. 263. Because this is true, the rule forbidding the imputing of negligence of the alleged agent to the minor would also apply to cases where the minor is engaged in a joint enterprise with the person who commits the negligent act in question.

■ The "joint enterprise" doctrine is ex contractu. It must be based on an agreement, either express or implied. Bonney v. San Antonio Transit Company, 317 S.W.2d 69 (San Antonio, Tex.Civ.App., 1958, rev. on other gr. in 160 Tex. 11, 325 S.W.2d 117); Powers v. State, 178 Md. 23, 11 A.2d 909 (1940); Brown v. Wood, 293 Mich. 148, 291 N.W. 255 (1940); Rosenstrom v. North Bend Stage Line, 154 Wash. 57, 280 P. 932 (1929); and 48 C.J. S. Joint Adventures § 3, p. 816.

In the case of Sturtevant v. Pagel, 109 S.W.2d 556 (San Antonio, Tex.Civ.App., 1937, aff. in 134 Tex. 46, 130 S.W.2d 1017), the car with which the defendants were connected was owned by Mr. Sturtevant, Sr., who let his son, Sturtevant, Jr., use it upon the occasion in question. At the time of the wreck Sturtevant, Jr., was in the car, but it was then being driven with Sturtevant, Jr's, permission by A. A. Snyder, Jr. Sturtevant, Sr., was not in the car. It collided with a car in which Selma Pagel was a passenger. She died from injuries she sustained in the wreck and her

parents then sued both Sturtevants and Snyder. Sturtevant, Jr., was a minor. The plaintiffs recovered judgment against all defendants. On appeal the Court of Civil Appeals said at page 558: "We have concluded, however, that the judgment against Junior (Sturtevant) must be reversed. Junior cannot be held liable on the theory that A. A. Snyder, Jr., who was driving at the time of the accident, was the agent of Junior, because a minor cannot be held on the doctrine of agency, as agency can only be created by contract, and a minor is originarily not bound by his contract."

We will not undertake a lengthy discussion of the reasons for the rule we have applied. Such reasons are discussed in the citations we have referred to above and in 43 C.J.S. Infants §§ 89, 90, and 91 at pages 204 to 209, inclusive.

For other cases holding that the negligence of his joint adventurer cannot be imputed to a minor, see Bell v. Green, 423 S.W.2d 724 (Sup.Ct. of Mo., In Banc., 1968); St. Paul Insurance Company v. Carlyle, 428 S.W.2d 753 (Springfield Ct. of App., Mo., 1968); and 127 A.L.R. 1454, Sec. b., for a number of such cases.

In the case of Fernandez v. Lewis, supra, Miss Fernandez was the owner of and a passenger ni the car that one Mickle was driving at the time of the wreck. The following is from the opinion in that case at page 307 of 92 S.W.2d: "Appellee seeks to sustain the judgment against Miss Fernandez because the evidence shows Miss Fernandez and Raymond Mickle, at the time of the accident, were engaged in a joint enterprise and Miss Fernandez had an equal right to control and direct the operation of her car.

"This theory ignores the obvious fact that it is unsupported by the pleadings, but aside from such consideration it is settled that while a minor is liable in damages for his personal tortious act he is not liable for a tort committed by his agent or employee.

14 R.C.L. 260, § 36; Cooley on Torts (2d Ed.) p. 128; Ann.Cases, 1916A, 959, note."

See also 30 Tex.Jur.2d, Infants, Sec. 51, page 704.

From what we have said, it follows that the trial court did not err in disregarding the finding of the jury to the effect that Sharon F. Pannell and Mike Flanagan were on a joint enterprise.

■ Sharon F. Pannell's 5th point is a cross point. She claims in her Point 5 that the trial court erred in overruling her motion for new trial because the jury's answer to Subdivision "a" to Special Issue No. 38 is against the great weight and preponderance of the evidence.

We sustain this cross point.

Issue No. 38 of the charge and the jury's answer to the various subdivisions are as follows:

"SPECIAL ISSUE NO. 38

"What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate Sharon Flanagan Pannell for her injuries, if any, which you find from a preponderance of the evidence resulted from the occurrence in question?

"Answer separately in dollars and cents, if any, with respect to each of the following elements, if any, and none other.

"a. Physical pain and mental anguish in the past.

"ANSWER: None

"b. Physical pain and mental anguish which, in reasonable probability, she will suffer in the future.

"ANSWER: None

"c. Loss of earnings in the past.

"ANSWER: 200.00

"d. Loss of earning capacity which, in reasonable probability, she will sustain in the future.

"ANSWER: None

"e. The reasonable expenses for necessary medical and hospital care received in the past for treatment of her injuries.

"ANSWER: $800.00."

The evidence showed that in the wreck in question Sharon F. Pannell sustained a broken ankle; she had a large bruise on her hip; she had swelling and pain in her broken ankle; her leg was placed in a cast which covered her foot and her leg to above the knee; she had to wear a cast from August 22, 1967 to October 21, 1967; it was between 7 and 10 days after the wreck before she could even walk on crutches; the wreck knocked her out for a while; on awakening she hurt from the waist down and seemed to be paralyzed; she had to spend 12 days in the hospital; she had to learn to walk all over again; her ankle at time of the trial in May, 1970, still hurt her when she was on her feet a lot and when she wore high heels.

Several different witnesses, including the treating doctor, testified concerning her injuries. There was no evidence to the contrary.

We hold that the answer of "none" to Subdivision "a" of Issue No. 38 is against the great weight and preponderance of the evidence. The only probative evidence bearing on this issue that appears in the statement of facts indicates that this plaintiff did sustain some physical pain and mental anguish as a result of the wreck. She was therefore entitled to some compensation for it.

The jury had found that the defendant's negligence proximately caused the wreck and by the answers that it gave to Subdivisions "c" and "e" of Issue No. 38 the jury also found that in the wreck in question this plaintiff sustained injuries that caused her to lose $200 in earnings and caused her to necessarily incur $800 in doctor and hospital bills in the treatment of such injuries.

These findings magnify the fact that it would be manifestly wrong and unjust if this court did not set the verdict aside and grant a new trial in view of the fact that the jury also answered "none" to the question of whether this plaintiff sustained any physical pain and mental anguish from the injuries she got in the wreck.

Because the finding of the jury to Issue No. 38 is against the great weight and preponderance of the evidence, we are required, at Mrs. Pannell's request, to reverse and remand her part of the case to the trial court for a new trial.

The following cases support this ruling: Lowery v. Berry, 153 Tex. 411, 269 S.W.2d 795 (1954); Taylor v. Dunn, 453 S.W.2d 521 (Waco, Tex.Civ.App., 1970, no writ hist.); Smith v. Bullock, 317 S.W.2d 232 (Waco, Tex.Civ.App., 1958, no writ hist.); and In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951).

Sharon F. Pannell's part of the case is reversed and remanded. Costs of this appeal are taxed one-half against W. L. and Mona Belle Flanagan and the other one-half against the defendant, Sam Fuller.

OPINION
ON MOTION FOR REHEARING

The appellee, Mrs. Mona Belle Flanagan, in her motion for rehearing, says that this Court has not passed on her cross-point wherein she contends that the jury's answer to Issue No. 6 was against the great weight and preponderance of the evidence. That is the issue that asks whether she and Mike Flanagan were engaged in a joint enterprise at the time of the wreck.

We hereby hold that the jury's finding in answer to Issue No. 6 was not against the great weight and preponderance of the evidence.

The motions for rehearing filed herein by Mona Belle Flanagan and by Samuel Fuller are both overruled.