RALPH BONNEY V. SAN ANTONIO TRANSIT COMPANY.

No. A-7088. Decided May 27, 1959.
Rehearing overruled July 8, 1959.
(325 S.W. 2d Series 117)

*Linnan & Lynch,* of Algona, Iowa, *Stahl & Sohn* and *Elmer Ware Stahl,* of San Antonio for petitioner.

*Lang, Byrd, Cross, Ladon & Oppenheimer* and *Leslie Byrd,* all of San Antonio for respondents.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

This is an action for damages for personal injuries growing out of a collision in the city of San Antonio between an automobile and a bus. The suit is by petitioner, Ralph Bonney, an occupant of the automobile, against respondents, San Antonio Transit Company, owner of the bus, and its employee, Oscar Reyes, the driver of the bus.

The case was submitted to the jury on special issues, resulting in findings of (1) negligence and proximate cause against Reyes and against Vern Shipler, the owner and driver of the automobile, who was not a party to the suit; (2) negligence but not proximate cause against petitioner, Bonney; and (3) damages of $25,000.00. The jury also found in answer to Special Issue No. 42 that Bonney did not exercise any control over the driver, Shipler, in the operation of the automobile, but in answer to Special Issue No. 43 the jury found that he had the right to exercise such control. Based upon this latter finding, the trial court entered judgment that Bonney take nothing. That judgment was affirmed by the Court of Civil Appeals, one of the Justices dissenting. 317 S.W. 2d 69.

The theory upon which the Court of Civil Appeals affirmed the judgment is that Special Issue No. 43 was a submission of the question of joint enterprise and the answer of the jury thereto was a finding that Bonney and Shipler were engaged in a joint enterprise, with the result that Shipler's negligence is imputed to Bonney. Bonney does not question that theory but contends that there is no evidence to support the jury's finding in answer to Special Issue No. 43. Whether or not there is any evidence warranting the submission of that issue to the jury or supporting the answer of the jury thereto is the principal question in this case.

The material facts are without dispute. They may be stated briefly as follows: Vern Shipler, who lived in Iowa, decided to visit relatives in San Antonio, Texas. He invited his uncle and two friends, Earl Ackerman and petitioner, Bonney, to accompany him on the trip. In so far as the record discloses, Ackerman and Bonney went along for a vacation trip. Before leaving Iowa the parties agreed to share equally the expenses of the trip. To that end each of the four contributed an agreed amount to a common fund, which was replenished from time to time, and from which were paid the expenses of the car, lodgings, and meals. Bonney held and administered the common fund. The parties consulted together concerning the routes to travel, the stops to be made, and the time to return home. Shipler's uncle

occupied the front seat with him on the way to San Antonio and did some of the driving. Before returning to their home, the group made a side trip across the border into Mexico, the expenses of which were paid from the common fund. On the morning when the group (less Shipler's uncle, who had flown back to Iowa) was leaving to return home, the automobile collided with a bus on a San Antonio street. Bonney was riding on the front seat with Shipler and sustained personal injuries.

1 The cases are legion on the general question of joint enterprise, many of them by courts of this State. The established definition of joint enterprise in this jurisdiction as applicable to the facts here under review is that a joint enterprise exists where a driver and an occupant of an automobile "have not only a joint interest in the object and purpose of the enterprise, but also an equal right, express or implied, to direct and control the conduct of each other in the operation of the conveyance." El Paso Electric Co. v. Leeper, Texas Comm. App., 60 S.W. 2d 187, 189; Straffus et al. v. Barclay, 147 Texas 600, 219 S.W. 2d 65.

As indicated above, the principal question in this appeal is whether the jury finding in answer to Special Issue No. 43 is supported by any evidence. We have concluded that it is not. That question may be narrowed by observing, first, that we do not have before us a case in which the owner was present in his own automobile driven by another, as in Straffus v. Barclay, supra; second, nor one in which a parent was present in an automobile driven by his minor child, as in Nelson v. Fulkerson, 155 Texas 298, 286 S.W. 2d 129; third, nor one in which a driver and an occupant jointly borrowed an automobile, as in El Paso Electric Co. v. Leeper, supra; fourth, nor one in which the parties were engaged in a joint business venture in which all were interested, which in some jurisdictions is regarded as creating a relationship akin to partnership. This case is one in which the owner of the automobile is also the driver on a non-business trip. We are unable to discover any facts in the evidence that would support a reasonable inference that Shipler impliedly agreed to relinquish any part of his exclusive right to control the operation of his automobile.

2 Respondents rely principally upon these facts: (1) Shipler and the occupants agreed to share the expenses of the trip; and (2) they conferred together concerning routes to be taken, stops to be made, and time for departure. We cannot agree that there is anything in the nature of an agreement by an owner and an

occupant to share in the cost of operating an automobile which evidences an implied agreement by the owner to relinquish, in part, his exclusive right to control the manner of driving his automobile. Doubtless, countless trips are taken where participants agree to share the automobile expenses, without any agreement, express or implied, to share the right to control the operation of the automobile. To permit a jury to infer from such an agreement that the owner has relinquished, in part, his right to control the manner of operating his automobile would be to extend the doctrine of joint enterprise far beyond its proper scope.

We have reached the same conclusion in regard to respondent's contention that a joint right to control the operation of the automobile may reasonably be inferred from the fact that Shipler conferred with Bonney and the other occupants concerning the routes to be taken, stops to be made, and time for departure. While those facts relate in a general sense to the movement of the automobile, they do not pertain to the manner of driving it nor support a reasonable inference of a joint right to control its operation.

The majority opinion of the Court of Civil Appeals states, in effect, that in as much as Bonney moved from the back seat to the front seat of the automobile, it may be reasonably inferred that he was to share in the driving on the return trip. There is no evidence that he was to remain on the front seat during the journey home, and even if it might be inferred that he would remain there and share in the driving, which is, to say the least, a very doubtful inference, it does not follow that to do so would evidence a right to control the manner of operating the automobile when the owner is at the wheel. West Texas Coaches v. Madi, 15 S.W. 2d 170, affirmed without discussion of this point [Texas Com. App.] in 26 S.W. 2d 199; Restatement, Torts, Sec. 491, Comment c.

3 The position of respondents finds some support in Douty v. Delta Drilling Company, 264 S.W. 2d 164, er. ref. n.r.e. However, we are unwilling to accept the reasoning of the Court of Civil Appeals in its opinion in that case on the subject of joint enterprise. The order of the Supreme Court in refusing the application for writ of error, no reversible error, cannot be regarded as our approval thereof, for the reason that in that case it was found that the plaintiff, who was an occupant in the automobile, was himself contributorily negligent, which

would support the judgment of the Court of Civil Appeals and authorize our order on the application.

4 The briefs of the parties have been largely directed to the theory urged by Bonney that the test announced in Raub v. Rowe, 119 S.W. 2d 190, wr. ref., for determining whether an occupant is a "guest without payment for such transportation" within the meaning of Article 6701b, V.A.T.S., should also be used in determining whether an occupant is a "guest" or a "joint enterpriser." Bonney argues that where a special tangible benefit to the owner was not the motivating influence for furnishing the transportation, then an occupant is a "guest" for all purposes, and hence cannot be a "joint enterpriser." The answer to this argument is that the test in the Raub case pertains only to whether an occupant has paid for his transportation within the meaning of the statute. It has no logical relation to the question of whether an occupant is engaged in a joint enterprise with the automobile owner. The respective purposes of Article 6701b and the doctrine of joint enterprise are entirely different.

5 There remains the question of the nature of the judgment to be rendered here. Having determined that the judgments of the courts below must be reversed, we look to the record to determine whether the case should be rendered here or remanded for a new trial. The court's charge defined what elements the jury could take into account in assessing the damages. Among those elements were impairment of petitioner's earning capacity from the date of the accident to the date of trial, and, another, impairment of his earning capacity in the future. Respondents filed written objections to the charge in so far as it permitted the inclusion of those elements, and have preserved their point by cross points in the Court of Civil Appeals and here. They contend that there is no evidence upon which the jury could reasonably determine the amount of damages resulting from such impairment. We have concluded that this point should be sustained.

The evidence introduced by Bonney pertaining to impairment of his earning capacity may be summarized as follows: For five years prior to his injury Bonney operated his own watch repair business in Burt, Iowa, a community of approximately six hundred. During this time Bonney had excellent health and vision. He was thirty-nine years of age at the time of the collision. After a period of convalescence, Bonney attempted to resume his work repairing watches, but found that he was

unable to do so because of impaired vision, frequent headaches, and nervousness. Consequently, he sold his business. At the time of trial Bonney was employed as an assistant manager in a jewelry store in Fairmont, Minnesota, a community of approximately ten thousand, at a salary of $75.00 per week. He did very little watch repairing.

The point at issue here is the absence of any evidence which would indicate either the amount of Bonney's earnings or a monetary measure of his earning capacity prior to the injury. The rule in this jurisdiction is that where a plaintiff seeks damages for impairment of earning capacity, he must prove the amount of such damages with the degree of certainty to which it is susceptible. Dallas Consolidated Electric Street Railway Co. v. Motwiller, 101 Texas 515, 109 S.W. 918; McIver v. Gloria, 140 Texas 566, 169 S.W. 2d 710; Southwestern Freight Lines v. McConnell, 254 S.W. 2d 422, wr. er. ref. This rule requires that a plaintiff introduce evidence from which a jury may reasonably measure in monetary terms his earning capacity prior to injury, unless some reason appears for his failure to do so. The reason for this rule is that although the amount of damages resulting from impairment of a plaintiff's earning capacity must be left largely to the sound judgment and discretion of the jury, nevertheless the jury should not be left to mere conjecture where facts appear to be available upon which the jury could base an intelligent answer. In this case, Bonney introduced no evidence of the amount of his earnings prior to injury and no evidence that such prior earnings did not represent his full earning capacity. No reason appears for his failure to introduce such proof. Therefore, the trial court erred in instructing the jury that it might take into consideration any impairment to Bonney's earning capacity, and this cause must be remanded to the trial court for a new trial.

A question of improper argument of petitioner's counsel is also brought forward, but it doubtless will not arise upon another trial. It will, therefore, not be discussed.

Judgments of the trial court and Court of Civil Appeals are both reversed, and the cause remanded for a new trial.

Opinion delivered May 27, 1959.

Rehearing overruled July 8, 1959.