**Mrs. Ruth Duncan GRAHAM, Plaintiff,**

v.

**Joe CICCARELLO, Defendant.**

**Civ. A. No. 11792.**

United States District Court
S. D. Texas,
Houston Division.

Oct. 20, 1960.

Helm, Jones, McDermott & Pletcher, Shirley M. Helm, Houston, Tex., for plaintiff.

Hicks, Dollahon, Boss & Wohlt, F. Warren Hicks, Houston, Tex., for defendant.

HANNAY, Chief Judge.

This is a suit by Mrs. Ruth Duncan Graham, a feme sole, hereinafter called plaintiff, against Joe Ciccarello, hereinafter called defendant, for personal injuries growing out of an automobile collision in the City of Houston.

Plaintiff was riding in the front right seat of a Ford automobile at about 12:25 o'clock a. m. on March 28, 1957, when said Ford and a tractor-trailer truck, owned and being driven by the defendant, collided.

The case was submitted to the Court without a jury.

The driver of the Ford was Clyde Charles Aylesworth, who was at the time in question driving in an easterly direction along Holcombe Boulevard where Holcombe Boulevard intersects South Main Street. The Ford was in the process of making a left turn in order to proceed in a northerly direction along South Main Street. This intersection was controlled by traffic automatic signal controls which displayed a green light signalling cars to proceed and a red light requiring cars to stop when said respective lights were facing the motor vehicle. At the time of the collision, the intersection was extremely wet because it had been raining very hard and was continuing so to do. Also, the visibility at this point was extraordinarily poor and the intersection was exceedingly slippery.

At the the time Aylesworth was making a left turn on Main Street, the traffic

signal control facing him was green. At the time and place hereinbefore mentioned, there was approaching from the east said tractor-trailer truck which was large and unwieldly and going in a westerly direction along Holcombe Boulevard. Defendant was proceeding forward despite the fact that there was displayed a red light facing him. In other words, he was "running a red light." This, of course, was negligence. Then occurred a violent collision between the Ford automobile and the said tractor-trailer truck.

■ At and immediately before the collision in question, neither the driver of the Ford nor the driver of the tractor-trailer truck were operating his respective motor vehicle in a careful and prudent manner. Therefore, there was no *sole* proximate cause of the collision in question but said collision was the proximate result of the concurrent negligence of both the driver of the Ford and of the defendant.

Plaintiff was the invited guest of Aylesworth at the time of the collision. She and Aylesworth had been to dinner at the Shamrock-Hilton Hotel and remained there for a while after dining. Neither she nor Aylesworth were intoxicated. Aylesworth was not an inexperienced or reckless driver. Both Aylesworth and defendant were non-residents of the City of Houston and neither were familiar with the locality where the collision occurred. Plaintiff was not related in any way to Aylesworth, and did not own any interest in the Ford in question. She did not have any control or right of control over the Ford or its operation. She was a mere guest and gratuitous passenger riding with the operator of the Ford, being on a pleasure trip and not engaged in a common or joint enterprise with the operator thereof.

As to what constitutes a joint enterprise, in Bonney v. San Antonio Transit Company, 325 S.W.2d 117, at page 119, Chief Justice Hickman, speaking for the Supreme Court of Texas, wrote:

" * * * The established definition of joint enterprise in this jurisdiction as applicable to the facts here under review is that a joint enterprise exists where a driver and an occupant of an automobile 'have not only a joint interest in the object and purpose of the enterprise, but also an equal right, express or implied, to direct and control the conduct of each other in the operation of the conveyance.' El Paso Electric Co. v. Leeper, Tex.Com.App., 60 S.W. 2d 187, 189; Straffus v. Barclay, 147 Tex. 600, 219 S.W.2d 65."

Plaintiff received multiple bruises and lacerations, particularly to her face, head, left breast, left arm and left ankle, as a direct and proximate cause of the collision in question and of the negligence of both Aylesworth and the defendant. As a direct result, she has experienced great physical pain and mental anguish which caused her face to be permanently disfigured and to become, and she still is, extremely nervous to such an extent that it greatly impairs her present, and will impair her future, earning capacity. She was at the time of the collision 40 years of age and had a life expectancy of 29.25 years according to the Standard Ordinary Tables of Mortality. At the time of the collision, in addition to maintaining a home for her two minor children, she was working and earning a substantial amount of money in the general insurance business. She was at the time of such injuries a healthy, normal, happy person. Since that time, she has been confined to the hospital in the City of Houston and required additional nursing and hospital care and will in the future require medical care and medicines.

Evidence was introduced showing her earning capacity before the injury and also the amount of her earnings after the collision in question. The doctors bills, hospital bills and nursing bills that were proved during the trial were the usual, reasonable and customary charges for like and similar services in Houston,

Harris County, Texas, and all of such services, both past and future, have been and will be necessary in connection with proper treatment of the injuries suffered by plaintiff on March 28, 1957.

Defendant did not specially plead contributory negligence on the part of the plaintiff, which was necessary in order to be available under Rule 8(c), Federal Rules of Civil Procedure, 28 U.S.C.A., and made no proof of such. Defendant's contention was that Aylesworth was guilty of negligence and that his (Aylesworth's) negligence was the sole proximate cause of the collision in question. The "sole proximate cause" in Texas has been defined as follows by Chief Justice Hickman in Goolsbee v. Texas & N. O. R. Co., 150 Tex. 528, 243 S.W.2d 386, 388, as follows:

" 'By the term "sole proximate cause," as used in this charge, is meant the *only* proximate cause, and if there is more than one proximate cause of an event then no single proximate cause can be the sole proximate cause thereof.' " (Emphasis supplied.)

I therefore find that the negligence of Aylesworth was *not* the sole proximate cause of the collision in question, but that such collision was caused by the concurrent negligence of Aylesworth and the defendant.

▮ Aylesworth is not a party to this suit. I find the plaintiff herein is entitled to recover from the defendant for the full amount of damages aforementioned, which amount of damages I find and assess against the defendant to be in the sum of $17,500, which I hold to be reasonable compensation for the injuries and damages sustained by the plaintiff herein.

I further find the plaintiff herein is entitled to and is hereby awarded all costs of court.

This memorandum shall constitute the Findings of Fact and Conclusions of Law herein.

Clerk will notify counsel.