**W. W. DAVIS, Appellant,**

v.

**Drew POSEY, Appellee.**

**No. 6765.**

Court of Civil Appeals of Texas.

Beaumont.

May 27, 1965.

Orgain, Bell & Tucker, Beaumont, for appellant.

Tonahill & Golden, Jasper, for appellee.

PARKER, Justice.

This is a common law damage suit resulting from a two vehicle collision. Trial was to a jury. Drew Posey, who was the owner and operator of one of the vehicles, filed suit against Roy A. Davis and his father, W. W. Davis. Roy A. Davis was the driver and W. W. Davis was the owner of the second vehicle. Upon the jury verdict, judgment was entered for Posey. Defendant W. W. Davis will be called appellant; Posey will be called appellee; and the defendant Roy A. Davis, who did not appeal, will be designated by name.

There is no conflict in the evidence. Two witnesses testified. Appellee testified: About noon on March 28, 1959, he was driving his Pontiac on Highway 190, having left Newton to go to his home in Merryville, Louisiana. Intending to pass a pickup truck going in the same direction, he gave proper warning signals and speeded up to pass. When almost even with the truck, suddenly and without warning it turned in front of him, the vehicles colliding. The driver and only occupant of the pickup truck was Roy A. Davis. The latter told appellee the owner of the pickup truck was his father, W. W. Davis, appellant.

The only other witness was appellant, W. W. Davis, who testified: On or about March 25, 1959, Roy A. Davis, his son, was living in Newton County where he had lived with his grandparents from the time he was three years old until he graduated from high school in 1961. The pickup truck involved in the collision and driven by Roy A. Davis belonged to appellant. The vehicle was in Newton by reason of the following: Appellant was moving a drilling rig from Lake Charles to Bryan, Texas. Appellant lived in Houston, Texas, as Charles Fowler did also. Appellant asked Fowler to drive his pickup to Houston for him. Fowler was not an employee of appellant. They had traded cars in the past. Appellant was asked the following questions about Fowler and appellant's pickup truck:

"Q. Had he loaned it out before?
A. If he had I don't know about it. I have asked him not to loan it out to other people the time he drove it.

Q. You did ask him?

A. Yes, sir."

"Q. You state that Charles was going to drive your pickup back to Houston, did he have to go through Newton to get to Houston?

A. He did not. He asked that I let him. He asked would it be all right for him to go through

Newton, that his family was in Newton, that he wanted them to travel along with him together since they were in Newton. She was kinda nervous driving, I would say."

"Q. Did you control how to get him (Charles Fowler) back to Houston?

A. No, sir."

Appellant further testified that he did not know that Fowler was going to let Roy Davis have this pickup and had no reason to believe that he would. Roy Davis had never driven appellant's pickup or any of appellant's vehicles before the occasion in question. Appellant had never ridden in a vehicle driven by his son, Roy Davis. Roy Davis told his father, appellant, that Fowler gave him permission to use the pickup. Appellant testified that he did not give his son, Roy Davis, permission to drive the pickup on the occasion in question; that Charles Fowler had not been given permission by him to loan the pickup to Roy Davis. Appellant did not know how Roy Davis obtained possession of the pickup truck and did not know whether or not Fowler knew he had it.

■ In answer to Special Issue No. 6, the jury found that on March 28, 1959, Roy A. Davis was operating the pickup with the implied or expressed consent of appellant. Appellant's point of error No. 1 is that the trial court erred in submitting such issue since there was no evidence to raise said issue. Appellant's point of error No. 1 is sustained.

■ In answer to Special Issue No. 7, the jury found that on or about March 28, 1959, that the defendant, W. W. Davis, and Charles Fowler were engaged in a joint enterprise. In answering such special issue, the jury was instructed that: "You are instructed that W. W. Davis and Charles Fowler were engaged in a joint enterprise, if they each had not only a joint interest in the object and purpose of the enterprise, but also an equal right, express or implied, to direct and control the conduct of each other in the operation of the truck."

■ Neither Fowler nor appellant were in the pickup truck at the time of the accident. Roy A. Davis was the driver and *sole* occupant of such vehicle when the collision occurred. The rule of joint enterprise is applicable to when both members of a joint enterprise are occupants of a conveyance. Ford Motor Co. v. Maddin, 124 Tex. 131, 76 S.W.2d 474, 477; Bonney v. San Antonio Transit Co., 160 Tex. 11, 325 S.W.2d 117, 119 (1959); English v. Dhane, 156 Tex. 231, 294 S.W.2d 709 (1956). Appellant's points of error urging there was no evidence to raise the issue submitted to the jury by Special Issue No. 7 are sustained.

There is no allegation or proof of agency or negligent entrustment between appellant and Roy A. Davis. Roy A. Davis is the son of appellant but the negligence of the son in driving the pickup did not make appellant liable for the damages incurred in the collision. Trice v. Bridgewater, 125 Tex. 75, 81 S.W.2d 63, 100 A.L.R. 1014 (1935); Renegar v. Cramer, Tex.Civ.App., 354 S.W.2d 663 (1962). Appellant's points of error urging there is no pleading and no evidence of agency or negligent entrustment between appellant and Roy A. Davis or negligence of any kind on the part of appellant are each and all sustained.

Judgment of the trial court is reversed. This cause having been fully developed in the trial court, this court renders the judgment that should have been rendered in the court below that appellee take nothing as against appellant and pay the costs of this court and the court below.

Reversed and rendered.