**CINBAR ENGINEERING CO., Inc. et al., Appellants,**

v.

**DELTA LEASING & INVESTMENT CORP., Appellee.**

**No. 11412.**

Court of Civil Appeals of Texas.

Austin.

June 8, 1966.

Rehearing Denied June 29, 1966.

J. Malcolm Robinson, Austin, for appellants.

Carey Williams, Houston, for appellee.

ARCHER, Chief Justice.

Appellants were defendants in the trial court and appellee was plaintiff.

Summary judgment was granted for plaintiff on its pleadings and the affidavit of its president, J. C. Youdan.

The motion for summary judgment was opposed by the defendants' pleading and the affidavit of Barnhart, president of Cinbar, and certain exhibits.

The pleadings of the parties consisted of:

(1) Plaintiff's Original Petition against both Cinbar and Barnhart alleging a sworn account.

(2) Defendants' Answer alleging failure of consideration and a general denial

to Plaintiff's original cause of action and a countersuit by Cinbar against Delta alleging joint adventure, breach of warranties, express or implied, and damages.

(3) Plaintiff's Answer to Defendant's countersuit by general denial and special answer alleging disclaimer of any warranties and no joint adventure.

(4) Defendants' Supplemental Petition on its countersuit alleging waiver and estoppel of Plaintiff's disclaimer of any warranties.

Cinbar is in the sheet metal business in Austin, Texas; Barnhart is its president. Barnhart was told of a machine manufacturer in Houston, Texas, who reportedly could make a machine which would automatically measure, cut and stack sheet metal from a rolled coil. The manufacturer was Lawler Manufacturing Co., hereinafter sometimes called "Lawler."

Cinbar contacted Lawler and Lawler said it could manufacture such a machine for $14,250.00. Cinbar refused because of the terms which were cash.

Cinbar was next contacted by Delta who said it would have the machine built and lease it to Cinbar on a monthly lease of $475.00 for 36 months.

The parties agreed and executed a lease agreement to that effect, and payments were made for about twelve months.

Appellants contend that the machine would not operate automatically and refused to pay a balance on a lease agreement, and Delta filed this suit.

The appeal is predicated on six points and are that the trial court erred in granting the motion for summary judgment because there were disputed material facts as to waiver and estoppel of the disclaimer, that the two writings were one transaction, that there was a disputed question of fact as to a joint adventure and a fact question as to failure of consideration, that the court

erred in treating plaintiff's cause as one for a sworn account, and in determining that no warranty had been made.

Appellee takes the position that there were no disputed material facts raised by the evidence as to waiver of or estoppel to assert that plaintiff had made no warranties as to the performance of the machine, and no fact issue raised that the two writings were one transaction, and no fact issue raised as to the existence of a joint venture, or as to a failure of consideration, and the court did not err in treating the cause of action as a sworn account, and the contract being in writing and the "no warranty" provisions being unambiguous, the trial court acted properly in determining as a matter of law the effect of the contract; and there was no evidence raising any disputed material fact issues of waiver of or estoppel to assert that plaintiff made no warranties as to the performance of the leased machine.

We believe the court was justified in granting the motion for summary judgment.

■ A pleading unsupported by evidence is insufficient to raise fact issues, and, the existence of an affirmative defense must be done by "summary judgment evidence," such as depositions, admissions, affidavits, or the like. Keahey v. Dallas Teachers Credit Union, Tex.Civ.App., 374 S.W.2d 450; Smith v. Campbell, Tex.Civ. App., 361 S.W.2d 462.

The equipment lease involved in this case reads in part:

"Lease, dated May 7, 1964, by and between NATIONAL ACCEPTANCE COMPANY OF AMERICA (hereinafter called 'Lessor') and Cinbar Engineering Company, Inc. a Texas corporation (hereinafter called 'Lessee').

1. EQUIPMENT AND RENT. Lessor hereby leases to Lessee, and Lessee hereby rents from Lessor, at a to-

tal rent for the term of this lease of Seventeen thousand one hundred two and 88/100........Dollars ($17,102.88), which Lessee agrees to pay to Lessor as hereinafter set forth, the following personal property (hereinafter called 'Equipment') :

(Describe fully, giving name of manufacturer, model, serial no.)

### LAWLER SPECIAL PROCESSING EQUIPMENT

2. TERM. This lease, upon the rents, promises, terms and conditions set forth herein, is for a term of Thirty-Six (36) months commencing on the date (the 'Commencement Date') that Equipment is delivered to Lessee or shipped via common or other carrier for delivery to Lessee, whichever shall be earlier.

3. PURCHASE AND DELIVERY OF EQUIPMENT. Lessee hereby directs that Equipment (which Lessee has requested Lessor to purchase) be shipped via common or other carrier to Lessee at *711 St. John*, City of *Austin*, County of *Travis*, State of *Texas*.

4. PAYMENT OF RENT. Lessee agrees to pay to Lessor the total rent specified above in monthly payments as follows:

*36* consecutive payments, each of *$475.08*; then

The foregoing payments shall be made as follows:

(a) Time: Upon signing this lease, Lessee shall pay Lessor the sum of *$1,-425.24*, constituting the payment in advance of the *1st, 35th and 36th*. * * *

20. NO WARRANTIES: ENTIRE AGREEMENT. Lessee agrees that Lessor has made no representation or warranty of any kind, nature or description, express or implied, with respect to Equipment. This lease contains the entire agreement between the parties, and may not be changed, modified, terminated or discharged except in writing."

The provisions of the lease are clear and unambiguous and the lease was executed by Cinbar and attested by its secretary, a lawyer of ability who was well trained in contracts and in no wise was Cinbar overreached or not informed as to the contents of the lease including the "no warranty" provision.

Prior to the execution of the lease appellant had contacted by letter, Lawler Engineering Manufacturing in Houston, Texas in regard to equipment needed, and was advised that a machine such as inquired about could be manufactured for a cash price of $14,250.00. Appellant was unable to pay such sum in cash and Lawler suggested a credit-lease purchase arrangement, and would make such.

J. C. Youdan contacted Cinbar and represented himself as president of a company, now appellant, and said that he had been contacted by Lawler, relative to financing the sale of the machine, and that he would finance the purchase, and would lease the machine to Cinbar on a monthly basis.

Appellant got the machine in Houston and brought it back to its place of business but claimed that the machine would not operate efficiently in a number of particulars, and called Lawler by telephone who sent one man to Austin who worked on the machine, but stated that it would have to be taken to Houston, and Cinbar hauled the machine to Houston and two weeks later Cinbar, upon being notified that the machine was in good operating condition, brought it back to its plant but it would not operate.

Bobby J. Barnhart wrote appellee that he would personally guarantee the payment of the lease.

Appellant advised the appellee in June 1964 that the machine had been received

and was satisfactory and accepted unconditionally and understood that no warranties, expressed or implied, had been made.

We do not believe that there was a waiver and estoppel raised by defendants' evidence as to the right of plaintiff to insist on item No. 20 "no warranties," so as to meet the requirements of waiver or estoppel.

The only evidence in the affidavit of Mr. Barnhart is that "each time the machine broke down I contacted Mr. Youdan who in turn contacted Mr. Lawler, or vice versa, and the machine was returned to Mr. Lawler's place in Houston for repair, although I was paying Mr. Youdan."

■ Such acts relied on in this case as constituting waiver do not meet the requirement of a conscious relinquishment of a known right. Ford v. Culbertson, 158 Tex. 124, 308 S.W.2d 855; Middle States Petroleum Corp. v. Messenger, Tex. Civ.App., 368 S.W.2d 645, er. ref., n. r. e.

■ The trial court did not err in failing to determine that the two writings were one transaction or that a material fact issue was presented as to such conclusion.

The first contact Cinbar had concerning the machine was with the manufacturer and was a letter dated April 30, 1964 in which appellants contend that representations were made that the machine would number the lengths, number, cut and pull the sheet in a certain size. No contract to purchase was made based on this letter.

The lease agreement is dated May 7, 1964, and provides for terms and describes the machine as "Lawler Special Processing Equipment" and no reference is made as to the contents of the prior dated letter, and the lease agreement contains a no warranty clause, and the appellee did not become the agent of Lawler so as to make the agent liable. Wilson County Peanut Co. v. Hahn, Tex.Civ.App., 364 S.W.2d 468, n. w. h.

The summary judgment evidence raised no fact issue as to the existence of a joint venture between appellee and Lawler.

Mr. Barnhart, an official of Cinbar, testified that it was his understanding that Youdan and Lawler were working together in selling the machine, and that when the machine broke down he contacted Youdan, who contacted Lawler, and the machine was returned to Lawler's place for repairs, although he was paying Youdan, and that he considered them partners.

■ From Barnhart's testimony he only "understood" that appellee and the manufacturer were working together in the sale of the machine, and he "considered" them partners, such testimony are only conclusions, and not material facts, and not affirmatively personal knowledge of such facts, and could not defeat a summary judgment. Williams v. Hill, Tex.Civ.App., 396 S.W.2d 911, n. w. h.

■ There was no competent evidence as to a joint venture, since there was no showing of, or exercise of any control. Bonney v. San Antonio Transit Co., 160 Tex. 11, 325 S.W.2d 117.

No fact issue or failure of consideration was raised by the evidence. The lease contract provided that appellee had made no warranties or representations respecting the machine. The consideration was to furnish the identical machine which was furnished on an "as is" basis.

■ There was no error in allowing appellee an attorney's fee of $500.00, such being provided for in the agreement. Rule 185, Texas Rules of Civil Procedure; Meaders v. Biskamp, 159 Tex. 79, 316 S. W.2d 75.

■ The contract in question, being in writing and the "no warranty" provision being clear and unambiguous, the meaning and effect of the contract was a question

of law, and not of fact, and the court properly entered the judgment.

Tower Contracting Company v. Flores, 157 Tex. 297, 302 S.W.2d 396.

The judgment of the trial court is affirmed.

Affirmed.