**Lillian P. HARDY, Appellant,**

v.

**Ernest BARKLEY and J. L. Donaldson, Individually and/or d/b/a Barkley Feed and Seed Company, Appellees.**

**No. 4710.**

Court of Civil Appeals of Texas.

Waco.

July 11, 1968.

Rehearing Denied Aug. 1, 1968.

---

1. Now Sec. 3.601(b) Business and Commerce Code.

**556**

F. I. Gandy, Jr., Butler, Schraub & Gandy, Corpus Christi, for appellant.

Charles Lyman, Lyman & Sudduth, Corpus Christi, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff from a take-nothing judgment in an automobile-truck collision case.

Plaintiff Hardy sued defendants for damages for injuries she received when the car in which she was riding (driven by Hartmuth Wochnik), collided with defendants' tractor trailer truck on Farm Road 70 south of Corpus Christi.

Trial was to a jury which found defendants' driver guilty of negligence proximately causing the collision, found that Wochnik, driver of the car in which plaintiff was riding, failed to keep a proper lookout, which was a proximate cause of the collision; and fixed plaintiff's damages at $23,750.

The trial court entered judgment that plaintiff take nothing.

Plaintiff appeals on eight points, contending:

1) The findings that driver Wochnik failed to keep a proper lookout, and that such was a proximate cause of the collision, are without support in the evidence; and are against the great weight and preponderance of the evidence.

2) There were no issues submitted to the jury regarding right of control by plaintiff, which would be necessary to impute Wochnik's negligence to plaintiff.

We revert to plaintiff's contention 1.

Plaintiff was riding in a Rambler automobile, which belonged to her daughter, and which was being driven by Hartmuth Wochnik. The Rambler was traveling in a westerly direction on Farm Road 70 some 3½ miles east of Bishop. It was about 8:20 A.M. on December 12, and the weather was foggy. Defendants' tractor-trailer truck, some 39 feet in length, was coming onto Farm Road 70 from a side road from the north. As it was across the path of the Rambler, the Rambler crashed into the truck, injuring plaintiff. The jury found that defendants' driver failed to keep a proper lookout, which was a proximate cause of the collision; that defendants' driver failed to yield the right-of-way, which was negligence and a proximate of the collision; and further found that Wochnik failed to keep a proper lookout, which was a proximate cause of the collision.

Wochnik testified he first saw defendants' truck when it was about 175 to 200 feet away; that he was traveling about 45 miles per hour; that he braked, but hit the truck while still going 10 to 15 miles per hour.

Highway Patrolman Canada testified that the visibility at the scene of the accident was approximately 300 feet; that the Rambler skidmarks extended 129 feet; that in his opinion Wochnik could have stopped the Rambler within the distance he could

see ahead of him; that a vehicle going 60 m. p. h. is traveling 88 feet per second, and at 45 m. p. h. is traveling 65 feet per second; that reaction time is approximately ¾ths of a second; that in his opinion at 55 m. p. h. Wochnik could not stop within the visibility distance of 300 feet, but could at 50 miles per hour.

 The jury were entitled to believe that Wochnik should have seen the defendants' truck at a distance of 300 or 350 feet; and that at 40–50 m. p. h. he could have averted the collision. We think the evidence ample to sustain the findings that Wochnik failed to keep a proper lookout, and that such was a proximate cause of the collision.

Plaintiff's 2nd contention is that there were no issues submitted to the jury as to right of control of the vehicle by plaintiff, and absent same, together with affirmative findings, Wochnik's negligence cannot be imputed to plaintiff.

To impute driver Wochnik's negligence to plaintiff, plaintiff must have had an equal right, express or implied, to direct and control the action of the driver in the operation of the automobile. Bonney v. San Antonio Transit Co., 160 Tex. 11, 325 S.W.2d 117.

The Rambler belonged to Mrs. Thorne, daughter of the plaintiff. Mrs. Thorne loaned the Rambler to plaintiff, her mother, to go to Harlingen in. Plaintiff was planning to go on December 11th, until Wochnik asked plaintiff to wait until the next day, and he would go and drive her. Wochnik testified Mrs. Thorne loaned the car to plaintiff, and he was just driving it for her. Plaintiff testified the car was loaned to her by her daughter; and Mrs. Thorne testified the car was loaned to plaintiff, her mother. We think it undisputed that Wochnik was driving for plaintiff, and that as a matter of law, under the record plaintiff had a right to control the action of the driver in the operation of the car.

The judgment is correct. All plaintiff's points and contentions are overruled.

Affirmed.