**A. F. GORMAN et ux., Plaintiffs-Appellees,**

v.

**J. D. MILLER d/b/a Miller Trucking Company and L. R. Lamoureax, Defendants-Appellants.**

No. 27549

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Sept. 16, 1969.

Robert N. Carnahan, Stokes, Carnahan & Fields, Amarillo, Tex., for defendants-appellants.

J. D. Helms, Richard N. Countiss, Linn, Helms & Countiss, Spearman, Tex., for plaintiffs-appellees.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804.

On April 27, 1966, the plaintiff-appellee, Mrs. Catholene Gorman, was driving the family pickup on a public highway in Sherman County, Texas. A truck owned and driven by the defendants-appellants struck the pickup from the rear. Mrs. Gorman sustained personal injuries. Suit for damages was brought in the state court, which, on diversity of citizenship, was removed to the United States District Court. Sitting without a jury, the District Judge found that Mrs. Gorman had been injured as the proximate result of the negligence of the defendants and awarded judgment accordingly. Appellants do not challenge their liability nor do they question the award of $15,000 for personal injuries.

Their contentions on this appeal are limited to the assertion that the value of lost earning capacity and the amount of future medical expenses, as found by the court, were not supported by the evidence. Upon an examination of the record we disagree. There was substantial evidence in support of the findings and they are not clearly erroneous. See McIver v. Gloria, 140 Tex. 566, 169 S.W.2d 710 (1943); Bonney v. San Antonio Transit Company, 160 Tex. 11, 325 S.W.2d 117 (1959); American General Insurance Company v. Florez, 327 S.W.2d 643 (Tex.Civ.App.1959); Chero-

**1138**

kee Laboratories, Inc. v. Rotary Drilling Services, Inc., 5 Cir., 1967, 383 F.2d 97, 103.

■ Defendants stipulated in the Court below that Mrs. Gorman had incurred medical expenses in the sum of $698.77 since the collision in question and that such expenses were the usual, reasonable and customary charges for the services rendered. The Court found that these expenses were a direct and proximate result of the injuries suffered in the collision. Appellants say that this finding is without support in the evidence. We can find no merit in this contention.

Affirmed.