**Bessie B. LEWIS, Appellant,**

**v.**

**Manuel PEREZ, Appellee.**

**No. 4881.**

Court of Civil Appeals of Texas, Waco.

March 5, 1970.

Rehearing Denied March 19, 1970.

Dan E. Mayfield, Jr., Waco, for appellant.

John B. Faulkner, Waco, for appellee.

## OPINION

HALL, Justice.

This is an appeal by the defendant from a judgment awarding the plaintiff personal injury and property damages in a rear-end collision case. We reverse the judgment.

Jury trial resulted in findings of negligence and proximate cause against defendant, and findings of plaintiff's damages. A substantial, specific award to compensate plaintiff for "loss of earning capacity", which the jury found he will sustain in the future, was included in the total damages allowed. No issue was submitted to the jury, nor requested, regarding any negligence of the plaintiff.

Judgment was rendered on the verdict. Defendant complains that there is no evidence to support the damages granted for loss of earning capacity in the future. We sustain this contention.

Our disposition of the question posed is controlled by the holding in Bonney v. San Antonio Transit Company, 160 Tex. 11, 325 S.W.2d 117, 121 (1959). In that case, as in this one, (1) the plaintiff recovered damages for loss of earning capacity; (2) no evidence was adduced to indicate either the amount of plaintiff's earnings or a monetary measure of his earning capacity prior to injury; (3) there was evidence of the nature of plaintiff's work prior to injury; and, (4) the only proof of earnings was of those made by the plaintiff in a different occupation after injury. The court sustained the defendant's contention that there was no evidence to support the recovery by the plaintiff for impairment of earning capacity.

After stating the general rule that a plaintiff seeking damages for loss of earning capacity must prove the amount of such damages with the degree of certainty to which it is susceptible, the court, in *Bonney*, said:

"This rule requires that a plaintiff introduce evidence from which a jury may reasonably measure in monetary terms his earning capacity prior to injury, unless some reason appears for his failure to do so. The reason for this rule is that although the amount of damages resulting from impairment of a plaintiff's earning capacity must be left largely to the sound judgment and discretion of the jury, nevertheless the jury should not be left to mere conjecture where facts appear to be available upon which the jury could base an intelligent answer.

In this case, Bonney introduced no evidence of the amount of his earnings prior to injury and no evidence that such prior earnings did not represent his full earning capacity. No reason appears for his failure to introduce such proof. Therefore, the trial court erred in instructing the jury that it might take into consideration any impairment to Bonney's earning capacity, and this cause must be remanded to the trial court for a new trial."

In our case the plaintiff testified, and his employer at the time of injury was also a witness. No reason is shown in the record, and plaintiff suggests none, why proof of his earning capacity prior to injury was not made. We have no alternative but to remand this case for a new trial.

The questions raised in defendant's remaining points are not certain to arise on another trial, and a discussion of them at this time would serve no useful purpose.

Reversed and remanded.